And, as the law was so stated to the jury, there must be
　　　　　　　　　　　　　　*Judgment on the verdict.*

—————

## THE STATE *vs.* JONATHAN HARVEY AND WIFE.

Process of forcible entry and detainer lies against a husband and his wife jointly, where the forcible entry is the joint act of both ; but in such case no fine can be imposed upon the wife

The proceedings in forcible entry and detainer may be affirmed in part, and quashed as to the residue.

This was a writ of certiorari, issued on the motion of the respondents, commanding two justices of the peace for this county to certify their doings, upon a certain process of forcible entry and detainer, had before them, on the complaint of *Levi Willard* against the respondents.

*Willard's* complaint alleged, " that the said *Willard*, on the " 27th December, 1822, was seized and possessed of a cer- " tain farm, in Surry, in this county, bounded, &c. and being " so seized and possessed, the said *Jonathan Harvey*, and *Rox-* " *ana*, his wife, into the same farm did enter, and from thence- " forth the possession of the same farm have wholly refused " to deliver to the said *Willard*, and the same with force and " arms, and with a strong hand, have unlawfully held, and for- " cibly detained, from the said *Willard*, and still unlawfully, " violently, and forcibly, hold and detain from the said *Wil-* " *lard*, contrary to the form of the statute in such case made " and provided, and against the peace."

State
*vs.*
Harvey et ux.

The respondents appeared before the justices, and said they were not guilty, and the cause was committed to a jury, who returned a verdict, " that the facts alleged in *Willard's* " complaint were true, that the said *Harvey* and *wife* were " guilty, and *Willard* ought to have restitution of the premis- " es immediately."

Whereupon, it was considered by the justices, that *Willard* have restitution, and recover against *Harvey* and *wife*, costs taxed at $23,94, and a fine of $1.

*J. Parker*, for the state.

*J. Wilson*, for the respondent.

RICHARDSON, C. J. In this case, the forcible detainer is alleged as the joint act of the husband and wife ; and it is contended, that this process cannot be supported against a wife, for acts done jointly with her husband.

In order to ascertain the weight of this objection, it is necessary to examine the nature of the proceedings in a case of forcible entry and detainer.

The mode of proceeding is prescribed by the statute of Feb. 16, 1791, (1 *N. H. Laws* 341,) and although the proceedings are in the form of prosecutions for crimes, and, in certain cases, a fine may be imposed upon the respondent ; yet still the proceeding must be viewed in some respects as a private remedy. Thus, the court may award to the complainant restitution of the premises ; may adjudge costs to the complainant or respondent ; the respondent is summoned to appear before the justices, and if he neglect to appear, they may proceed to the hearing in his absence. In these respects, the proceedings are, in their nature, a mere civil remedy.

It is said, that for wrongs, in which two persons may concur, a husband and wife may be sued jointly for the act of both. 1 *Chitty's Pl.* 81.—*Yelverton* 106.—1 *Ventris* 93.—2 *Levintz* 63. And we are of opinion, that so far as redress for a private wrong, done by a husband and wife jointly, is sought by the process of forcible entry and detainer, the wife may be made a party.

But in this case, a fine was imposed upon the husband and wife jointly, and it is contended that the wife could not be li-

able to punishment for an act done jointly with her husband ; because, in such case, she must be presumed to act by his coercion. *Hawkins P. C. B.* 1, *cap.* 1, *sec.* 9.—1 *Mass. Rep.* 476, *Com. vs. Trimmer & a.*—10 *Mass. Rep.* 152, *Com. vs. Neal & wife.* This exception must in our opinion prevail, and the proceedings, so far as relates to the fine, must be quashed. But the rest of the proceedings may be affirmed. 3 *Mass. Rep.* 268, *Com. vs. Carpenter.*—5 *Mass. Rep.* 420.